UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCUS JAMES and MI ZHOU,<br><br>         Plaintiffs,<br><br>  v.<br><br>NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA,<br><br>         Defendants. | Case No. C22-772-RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO CONTINUE TRIAL DATE [AND] TO MOVE THE DEADLINE [FOR] DISCOVERY |

  This matter comes before the Court on Plaintiffs' Motion to Continue Trial Date [and] to Move the Deadline [for] Discovery. Dkt. #21. Plaintiffs argue that Defendant has been uncooperative in scheduling depositions, but also that Plaintiffs' need for more time to continue discovery is also in part due to "several unforeseen events [that] have interfered with Plaintiff[]s['] counsel's [ability] to complete that discovery." *Id.* at 2. Indeed, Plaintiffs have filed a motion to compel, which is not yet ripe for review. Dkt. #24.

  Defendant opposes reopening previously expired deadlines but does not oppose a trial continuance. Dkt. #28. In its opposition, Defendant argues with specificity that it has not been "dragging its feet" on scheduling depositions and even addresses the scheduling of Tremain's deposition, which is at issue in the pending Motion to Compel (Dkt. #24). Dkt. #28 at 2–4.

ORDER - 1

Defendant argues it is Plaintiffs who did not seek *any* discovery between early 2022 and May 31, 2023. *Id.* at 4.

Plaintiffs have declined to file a reply brief.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Because the request for a trial continuance appears unopposed, it will be GRANTED. As for any other requests for relief in Plaintiffs' Motion regarding discovery deadlines, Plaintiffs have the burden of demonstrating good cause and have failed to do so. Plaintiffs fail to explain why they delayed seeking any discovery for a year, a vague reference to "unforeseen events" is not enough to demonstrate good cause. Based on the facts provided in Defendant's opposition it also does not appear Defendant has unreasonably delayed discovery in any way, without more from Plaintiffs in a reply brief the Court cannot know more. Although the prejudice to Defendant is likely small, it does exist and weighs against granting this Motion. The Court will note that

ORDER - 2

this Order does not necessarily determine how the Court will rule on Plaintiffs' pending Motion to Compel (Dkt. #24).

Having considered the Motion and all submissions filed in support of and in opposition to, it is hereby ORDERED:

1. Plaintiffs' request to continue the trial date is unopposed, and that request is GRANTED. The Court will reset the trial date, as well as the following pretrial deadlines: discovery completion, dispositive motions, mediation, motions in limine, agreed pretrial order, pretrial conference, trial briefs, proposed voir dire questions and jury instructions, neutral statement of the case, and trial exhibits.

2. Any and all other requests for relief in Plaintiffs' Motion to Continue Trial Date to Move the Deadline to [sic] for Discovery, Dkt. # 21, are DENIED.

DATED this 31st day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3